IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIM. NO. 2007-39 |
| v. ) | |
| ) | |
| RAJAH-I WILLIAMS, ) | |
| HENRY "DAZY" WATSON ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN AID OF SENTENCING

RAJAH-I WILLIAMS by and through his attorney, Patricia Schrader-Cooke, Esq., Assistant Federal Public Defender, respectfully submits this Memorandum in Aid of Sentencing for the Court's consideration. In this memorandum, MR. WILLIAMS will address objections to the presentence report and factors for the Court's consideration in mitigation of sentence.

RAJAH-I WILLIAMS is a 26-year-old crack cocaine addict. He received his GED in 2001 but does not have any special training, skills, or professional licenses. MR. WILLIAMS served with the Army National Guard as a Private First Class from 2003 to 2006. He was discharged from the Army National Guard for

1

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 2

marijuana use in 2006. He was also employed with the Department of Human Services but is no longer employed with that agency.

MR. WILLIAMS is not married but he is in relationship with Michelle John-Baptiste. Ms. Baptiste is currently eight months pregnant with their first child. On September 30, 2007, Ms. Baptiste was involved in an automobile accident in September, 2007. She was hospitalized for ten days and underwent surgery to repair a broken femur and ligaments. Ms. Baptiste's pregnancy has hampered her recovery from surgery. If her condition does not improve, further surgery might be required. Ms. Baptiste is concerned about her ability to care for a newborn. MR. WILLIAMS was her primary care giver up until his incarceration. Ms. Baptiste currently resides with her 65-year-old mother, who is in failing health and suffers from many years of alcoholism, her ten year old son and her father who works twelve hour shifts to support his family. Ms. Baptiste is no longer employed due to her injuries.

MR. WILLIAMS was arrested as a result of an undercover operation called "Operation Shut Them Down." The object of the operation was to purchase crack cocaine from individuals involved in drug sales from areas known to accommodate

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 3

such transactions. In this case, an undercover agent drove to the area of the Christiansted Cemetery and approached Henry Watson. The undercover agent sought to purchase crack cocaine. After Watson retrieved the contraband, the undercover agent disputed the amount of contraband he received. It was at this time that MR. WILLIAMS approached the two men and assisted in the sale. MR. WILLIAMS was subsequently arrested.

### A. Objections to the Presentence Investigation Report

The Revised Presentence Investigation Report (PSR) dated December 10, 2007, indicates a base offense level of twenty-four (24). MR. WILLIAMS should receive a four level reduction for minor role. MR. WILLIAMS submits that he is deserving of four points credit for minimal role where he interjected himself in a drug transaction that was mostly complete. At the time Mr. WILLIAMS interjected himself in the conversation between the undercover agent and Mr. Watson the undercover agent had already asked for and received the contraband. There was dispute regarding the amount of the contraband and the size of the pieces of crack. It was at this time that MR. WILLIAMS inserted himself in the conversation and aided and abetted the sale. MR. WILLIAMS further submits that paragraph #9 of

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 4

the Revised Presentence Report should be deleted in its entirety where it is factually incorrect.

MR. WILLIAMS should also receive a two level reduction for meeting safety valve criteria pursuant to 2D1.1(b)(11). MR. WILLIAMS' adjusted offense level should be sixteen (17) with an advisory sentencing range of twenty-four (24) to thirty (30) months.

**B. Sentencing Factors**

The Supreme Court's remedial instruction in United States v. Booker, 543 U.S. 220(2005), instructed district courts to read the Sentencing Guidelines as "effectively advisory." Id., at 245. In accord with 18 U.S.C. Section 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several Court's must consider in determining an appropriate sentence." United States v. Kimbrough, 128 S. Ct. 558, 564(2007). Defendant recognizes that although the Sentencing Guidelines might have been rendered advisory, they still play an important role as a starting point in federal sentencing. The directives of Booker make clear that Courts may no longer uncritically apply the Guidelines, and though a guideline range might reflect a rough approximation of sentences that might

4

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 5

achieve Section 3553(a) objectives, the district court is in "a superior position to find facts and judge their import under Section 3553(a)." <u>Gall v. United States</u>, 128 S.Ct. 586, 597 (2007) citing Brief for Federal and Public and Community Defenders et al. as *Amici Curiae* 16.

The District Court must consider the mandates of Section 3553(a) in fashioning a sentence with regard to the defendant as an individual. Sentencing courts are required to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes set forth in Section 3553(a)(2):

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- B) to afford adequate deterrence to criminal conduct;
- C) to protect the public from further crimes of the defendant; and
- D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

5

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 6

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant (Section 3553(a)(1))

    (2)    the kinds of sentences available (Section 3553(a)(3))

    (3)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (section 3553(a)(6)); and

    (4)    the need to provide restitution to any victims of the offense (Section 3553(a)(7)).

The offense at issue in this case resulted from an uncomplicated controlled buy. The agents to a large extent controlled the type and quantity of the contraband that is the subject of the offense. MR. WILLIAMS assisted in a sale where Mr. Watson was the targeted seller. MR. WILLIAMS subsequently became the subject of a federal indictment. While possession and distribution of "crack" cocaine is a serious offense, drug addiction is a serious illness. MR. WILLIAMS' participation in this event was due more to his crack addiction than a propensity towards criminal conduct. It is important to note that he was discharged from the armed services for drug use.

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 7

An appropriate sentence should reflect a concern that MR. WILLIAMS receive adequate drug treatment. Further, a sentence tailored to guarantee meaningful and adequate drug treatment would protect the public from further crimes of MR. WILLIAMS.

The Court's sentence should also reflect a concern for avoiding unwarranted sentencing disparities. The Kimbrough Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve Section 3553(a)'s purposes..." Kimbrough, supra at 128 S.Ct. 575. This inherent guideline disparity can be lessened if not cured by fashioning a sentence that seeks to equalize punishment for crack and powder cocaine offenses.

In this case, had MR. WILLIAMS possessed the same amount of powder cocaine (9 grams), instead of crack cocaine, he would face a substantially lower sentence. Possession of less than twenty-five (25) grams of powder cocaine dictates a base offense level of twelve (10-16 months), with credit for acceptance of responsibility(two levels) and credit for minor role (2-4 levels) one would ultimately face a sentence of four to ten or zero to six months.

USA v. Rajah-I Williams and Henry Watson
Crim. No. 2007-39
Page 8

It is important to note that statutory minimum sentences for powder cocaine requires possession of at least five hundred (500) grams where statutory minimum sentences for crack cocaine requires possession of five (5) grams pursuant to 21 U.S.C. 841(a)(b)(B)(ii). Further, U.S.S.G. Section 5C1.2(b) seeks to impose a guideline mandatory minimum where it provides that where safety valve criteria have been met the guideline range cannot be less than level 17 (24-30) months. Again, an arbitrary and unacceptable disparity is created where an individual in possession of five (5) grams of crack cocaine cannot receive a sentence of less that twenty-four (24) months but an individual possessing twenty-five (25) grams of powder cocaine can a receive sentence of probation.

In this case, the Court can impose a sentence without regard to the statutory minimum pursuant to 18 U.S.C. Section 3553(f) as well as without regard to U.S.S.G. Section 5C1.2(b), where the Sentencing Guidelines are advisory. MR. WILLIAMS submits that a sentence below the advisory guideline range, specifically fashioned to provide adequate drug treatment would be appropriate in this case.

DATED: March 4, 2008

Respectfully submitted,

*[signature]*

Patricia Schrader-Cooke, Esq.
Asst. Federal Public Defender
1115 Strand Street
St. Croix, VI  00822
(340)  773-3585

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been served by first class mail, postage prepaid to AUSA Everard Potter, Office of the United States Attorney, 5500 Veterans Drive, St. Thomas, VI 00802 this 5th day of March, 2008.

*[signature]*

9